IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RUDOLF BAUER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-00835-MDH |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Reverse and Remand with Suggestions in Support (Doc. 13). Defendant moves the Court to reverse the decision of the ALJ and remand this action pursuant to sentence four of section 205(g), 42 U.S.C. § 405(g). Specifically, Defendant moves the Court for remand in order to: (1) allow the ALJ to properly evaluate Plaintiff's ability to work on a regular and continuing basis of eight hours a day, five days a week, or equivalent, and (2) obtain additional testimony from the vocational expert regarding whether work exists that Plaintiff could perform based on a hypothetical question that includes Plaintiff's credible work-related limitations and remaining abilities.[1]

Sentence four of 42 U.S.C. § 405(g) states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The Eighth Circuit has suggested remand orders "that do not expressly affirm, modify, or reverse a decision of the Commissioner but rather direct him to cure some specific

---

[1] As Plaintiff highlights in his brief, the ALJ's hypothetical question and RFC determination only account for seven hours of the work day (i.e. can sit total of six hours, can stand/walk total of one hour) and his required "option to sit for 30 minutes and stand for 30 minutes" is inconsistent with his 6:1 ratio of sit time to stand/walk time. In such situations, the Eighth Circuit holds that "the best and most prudent option . . . is to remand for clarification." *Bladow v. Apfel*, 205 F.3d 356, 360 (8th Cir. 2000).

defect in the administrative proceeding, such as the ALJ's failure to develop the record or to properly evaluate the evidence" are remands pursuant to sentence four of 42 U.S.C. § 405(g). *Buckner v. Apfel,* 213 F.3d 1006, 1011 (8th Cir. 2000).

Defendant moves the Court to enter a final judgment reversing the decision of the ALJ and remanding the case to the Commissioner under sentence four of 42 U.S.C. § 405(g). Plaintiff filed a response (Doc. 14) indicating he has no objection to reversal and remand pursuant to sentence four.

After reviewing the records in this case, and finding no objection to Defendant's request, the Court hereby **GRANTS** Defendant's Motion to Reverse and Remand (Doc. 13). The decision of the ALJ is **HEREBY REVERSED** and that the case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g).

**IT IS SO ORDERED.**
Dated: June 8, 2015                             */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**